# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2023 JAN 19  P 3: 39

Meb

CAROL L. MICHEL
CLERK

IN RE: ESTEEN AND JOSEPH  #13-12107 section A

*Kecia    Nathaniel*

KECIA ESTEEN, NATHANIEL JOSEPH
FRANK MITCHELL, LUCINDA MITCHELL
NATHANIEL JOSEPH III, NICHOLAS
JOSEPH, NATHAN JOSEPH,
proper-personam
(complainants)
MITCHELL FRUIT STAND LLC
thru curator

## 23-00263

## SECT.BMAG.1

VS

Hon: MEREDITH GRABEL
US BANKRUPTCY COURT
EASTERN DISTRICT OF
LOUISIANA
&
TRUSTEE: BARBARA FULTON

Case No.

**COMPLAINT FOR DECLARATORY,
INJUNCTIVE, AND MANDAMUS
RELIEF**

*Kecia Esteen*
KECIA ESTEEN
311 Portsmouth Dr
Slidell, La 70460

*Nathaniel Joseph III*
NATHANIEL JOSEPH, IIII
311 Portsmouth Dr
Slidell, la 70460

*Nathaniel R Joseph Jr*
NATHANIEL JOSEPH
311 Portsmouth Dr
Slidell, la 70460

*Nicholas Joseph*
NICHOLAS JOSEPH
311 Portsmouth Dr
Slidell, la 70460

*Frank Mitchell*
FRANK MITCHELL
311 Portsmouth Dr
Slidell, la 70460

*Nathan Joseph*
NATHAN JOSEPH
311 Portsmouth Dr
Slidell, la 70460

*Lucinda Mitchell*
LUCINDA MITCHELL
311 Portsmouth Dr
Slidell, la 70460

LAED 76493

Fee  402.00
___ Process_____
X_ Dktd_____
___ CtRmDep_____
___ Doc.No._____

PROPER PERSONS

MITCHELL FRUIT STAND LLC thru curator    (504) 396-0690

OUT OF ABUNDANCE OF CAUTION  PLAINTIFFS  BRINGS THIS MATTER
AFTER A REHEARING WAS FILED 12/17/2022; Attached hereto:

(A)

COMES NOW, plaintiffs, Kecia Esteen, Nathaniel Joseph, Frank Mitchell, Lucinda Mitchell, Nathaniel Joseph III, Nicholas Joseph, Nathan Joseph, and Mitchell's Fruit Stand LLC thru curator, with this Petition for writ of Mandamus to nullify the Order by Trustee, Barbara Fulton and/or Bankruptcy Court under Louisiana Civil Code 2298 Enrichment Without Cause, Title 28 USC section 187 and 14th amendment due process, to this US District Court for Eastern section of Louisiana as descibe below:

## ISSUES FOR REVIEW:

(1)

Complaint for Declaratory, Injunctive, and Mandamus Relief along with Title 28 USC section 187, et seq.,(non-core), 14 Amendment Due Process Mitchell v W.T. Grant Co., 416 US 600 (1974) and Louisiana Civil Code 2298 Enrichment Without Cause, Louisiana Revised Statute, and/or amend judgment correct facts for appeal purpose (Rule 59).

(2)

## RELIEF SOUGHT:

Complainant seeks relief under the provisions under the above stated laws and statutes afforded complainants from the order dated 12/20/2022 by the US Bankruptcy Court for the Eastern District of Louisiana from sect A Honorable: Meredith Grabel.

Pursuant to 28 U.S.C. § 1391(e)(1), venue is proper in the District of Louisiana

Jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1361 because this case involves a civil action in state court in which arising under the 14th Amendment to the United States Constitution Due Process and the laws of Louisiana.  This Court also has jurisdiction under 28 U.S.C. section 1346 because this is a civil action against the bank ruptcy Judge and bankruptcy Trustee founded upon the U.S. Constitution and an Act of Congress.  The Court has authority to provide relief under the Declaratory Judgment Act, 28 U.S.C. section 2201.  The Court also has authority to provide mandamus relief pursuant to 28 U.S.C. section 1361, et seq.

1

(3)

## STANDING

The plaintiffs brings this action to asked this court for correction of ORDER of 12/20/2022 and order to add the name above claimants to the order whom attended the hearing by telephone as the Trustee, Barbara Fulton and David Messina, Nathaniel Joseph and Beverly Delaune was physical present before the Court. Also pertinant information was missing such as Exparte Motion to Consolidate the Bankruptcies of Frank Mitchell, Lucinda Mitchell, Mitchell's Fruit Stand, LLC, with Kecia Esteen, and Nathaniel Joseph filed Joint Motion for Rule to Show Cause Why Stay Lifted By State Courtof Appeals 4th Circuit Decision of 01/10/2018, and motions to appoint counsel for Kecia Esteen, Nicholas Joseph, Frank Mitchell, Lucinda Mitchell and curator for MitchellsFruit Stand, LLC all filed on/or about 10/26/2022 as stated on pdf signatures and not 11/15/2023 as stamped on the documents. See: Appendix attached.

### ***ISSUES PRESENTED IN REHEARING MOTION***

Mover/Petitioner continues to object to the jurisdiction of the United States Bankruptcy Court over Mover (Nathaniel Joseph) for the following reasons:

The predicate judgment that originated from Civil District Court was found to be an improper and convoluted judgment by the Fourth Circuit Court of Louisiana pursuant to an appeal taken by Mover, thus, making Bankruptcy Court Jurisdiction over Mover null and void as a matter of Joseph v Wasserman III, supra

(3) B

## PARTIES TO THIS MATTER

The Honorable Meredith Grabel and Trustee, Barbara Fultons are the responsible individuals for the wrong doing to the above name complainants Kecia Esteen, Nathaniel Joseph, Frank Mitchell , Lucinda Mitchell. Nathaniel Joseph III, Nicholas Joseph, Nathan Joseph, all are of legal age and United States citizens.

Trustee, Barbara Fulton was/is acting in the capacity as US Trustee appointed herein as advisor, investigator, etc., to protect the dignity of the Court and at all times to protect the debtor as well as the creditor and owes no duty to non-creditor discussed in this matter , and complainants believes wrote the order for the Court as instructed at the hearing on 12/07/2022.

Complainant believes the actions by the Trustee is responsible for thrusting the complainants in to federal court without due process and with the intentions to undermind complaints from moving forward in state court. No consent were never/evergiven by complainants in this matter as required by law.

2.

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

The predicate claim of defendant (Gerald Wasserman) asserting as a
Defense;

(2)

The failure of Mover to declare the aforesaid bankruptcy filing having not
been declared during the process of filing the tort suit versus Gerald
Wasserman is void because (at all times material to the law suit, Gerald
Wasserman was and is not a creditor of Mover) thus, no relief via said defense
is affordable to Wasserman under the law for <u>dirty hands</u> as described in
Joseph v Wasserman, (II 12/07/2016 4th Cir.) 206 So.3[rd] 970. 74.


The instant bankruptcy case which includes Mover's name is null and void as
it relates to Mover because Mover never voluntarily filed a bankruptcy, and
Petitioner, was not represented by counsel but was injected into the
bankruptcy by Mover's former wife who retained counsel {because her wages
were about to be garnished by American Thrift} to file bankruptcy;
The Trustee and the Bankruptcy Court omit to recognize the fact (the issue
of failure to disclose a previously filed bankruptcy is not properly before
the court, because, (in fact) the previous bankruptcy where Mover
(Nathaniel Joseph) was and is a member of a family food truck business,
said bankruptcy was disclosed to any and all parties sued upon in the
pending civil law suit in state court therefore defendant Gerald Wasserman
had full knowledge of the instant bankruptcy and the food business

3.

- bankruptcy that was not closed at the time of the current pending civil
- law suit where Mover is a plaintiff with significant damages and
- financial loses, and the Defendant, Wasserman in findings by the 4th

Cir., in Joseph, II supra II of alleged dirty hands by Wasserman and firm.
In fact the businesses and personal property cited in Joseph II, supra are
disputed ownership (community property) involving dirty hands by
Wasserman and law firm.

Mover asserts that (if any merit exist as to failure to make disclosure of
the pending law suit to any required entity or person, that responsibility
fell to the attorney representing Mover (Nathaniel Joseph) former wife,
not Mover; because Mover and Mover's former wife were legally
separated, and/or because of the dismissal of debtors partners dismissal
of their 2004 Chapter 13, and 2005 Chapter 7 (Frank Mitchell, Lucinda
Mitchell along with the business claims) were properly closed even though
the asset of 2004-18239, Joseph et al., v. Wasserman, et al were pending.
Titles, ownership of disputed community property cannot be liquidated by
debtor in Federal Bankruptcy Court:  U.S. v Inslaw, Inc., 932 F,2d 1467
(1991) nor is litigation over community property can be handled by Bankr-
uptcy Judge or trustee.

In fact such ruling would be violation under section 187 of title 28 and the
Bankruptcy/Trustee should avoid.  Community lawsuits or disputed
titles should not be handled or liquidated in Federal Bankruptcy.
U.S. v Law, supra;, and would be-considered manifest error or justice.

### (3)

Mover asserts that a clear examination of the facts, material facts in
Mover's law suit, defendant (Gerald Wasserman's answers), written
evidence from Attorney Harvey, Defendant Wasserman owed money to
Mover and promised to pay several hundred thousand dollars to Mover but
did not, and that is non-withstanding the money damages that is likely to be
awarded by a jury at a trial on the merits, thus, the United States Bankruptcy
Court (to date) has failed to make a merit finding or assessment of the actual
debt stolen from Mover and his family before lumping the entire matter
under an ordinary bankruptcy proceeding under U.S. v Law, supra; and
never the less be handled by Bankruptcy Court or Trustee unless consented
to by all parties, potential or otherwise cannot handle such State-Claims.
(" If the stolen money was recovered first," then (if the bankruptcy of Kecia
Esteen was handled according to law), then, certainly the amount claimed in
the debtors portion of the bankruptcy could have been paid and the
bankruptcy closed, leaving for legal process the merits of Mover's law suit
versus Gerald Wasserman which is still open in State Court.)

Mover asserts that due to the massive amount of fraud on the part of defendant (Gerald Wasserman) in his personal and law firm dealings with Mover and Mover's family business and personally, Mover asserts that the United States Bankruptcy Court is not jurisdictionally correct in forming and fashioning a legal remedy that frees Defendant (Gerald Wasserman) and his law firm from their liability to Mover and Mover's family...see, (Louisiana Fourth Circuit Court of Appeals in Joseph II, ) where the court Stated (paraphrase) "that considering the established factual conduct of Gerald Wasserman and members of his law firm during the process of the case, "the law firm along with Gerald Wasserman" have liability exposure"; and if this Court could handle such matter still could not compromise with Gerald Wasserman (non-creditor) because of dirty-hands doctrine and because titles were/is disputed under State Law and Community disputes or for Competent State Courts under title 28 section 187 unless consented to by all parties, potential or otherwise in Bankruptcy Court.

(4)

Mover asserts that Congress did not intend for the laws pertaining to bankruptcy and those protected  under said laws to afford individuals and entities such as defendant (Gerald Wasserman) and the Wasserman Law

firm to acquire legal relief where a court of competent jurisdiction has found evidence that materially implies wrongdoing and fraud, thus, Congress did not intend to afford any form of legal relief as what is being proposed by this United States Bankruptcy Court in New Orleans, Louisiana.

 And the Judgment of Bankruptcy Court confirming the Trustee Compromise Motion was violation of Title 28 section 187 and a miscarriage of justice and could not even been consented to because Titles were/is in dispute.  U.S. v Law, supra;, dirty hands doctrine.

Defendant, Gerald Wasserman (non-creditor) alleged to have dirty hands In Joseph II, supra, the disputed property lawsuit is Under State law Involving Community Property, debtor(s) un-reported asset was not violation of Bankruptcy Law.  The matter of Joseph, et al v Wasserman , et al were (asset) were properly dismissed in previous bankruptcies In the Eastern District of Louisiana in 2004, Chapter 13 and Chapter 7 by Frank Mitchell, Lucinda Mitchell along with business, and business **assets to never be opened again .**

### (4) II.

Mover files the instant motion for reconsideration (without the benefit of the transcript of the hearing conference of December 7, 2022) out of an abundance of caution to not miss the deadline for requesting reconsideration; however, Mover would like a copy of the transcript from said hearing in order to better prepare for further review by Federal District Court on appeal (if necessary).

### (4) III.

Mover and all other family members affected by the facts and circumstances of this matter, likewise, objects to any process in United States Bankruptcy Court or any other legal entity that will result in relief for defendant (Gerald Wasserman) and Gerald Wasserman Law Firm; indeed, if the settlement terms proposed by the Trustee, (who Mover objects to on Jurisdictional Grounds) is forced upon Mover and his family, justice and fairness in the premises will certainly be absent from this process.

### (4) IV

**THE UNITED STATES BANKRUPTCY COURTS HAS NO JURISDICTION UNDER ARTICLE III TO OVERSEE NON-CORE CASES OR EXPOSE CREDITORS, DEBTORS TO CRIMINAL RELATED MATTERS FROM A NON CREDITOR PERSON (PARTY) OR DENY A GUARANTEED RIGHT TO PURSUE THEIR REAL ESTATE RIGHTS MOVABLE AND IMMOVABLE UNDER STATE OR FEDERAL LAW;**

(In re Yobe Electric, Inc., 30 B.R. 114 (Bkrtcy W.D. Penn 1983),

La. RS 46:153.4

<u>"OR UNCLEAN HANDS"</u>

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF
LOUISIANA IN RE: KAISHA MONIQUE LYMON § § CASE NO: 18-13128
§ § CHAPTER 13 § §"( SECTION A)"


After complete investigation by this Court, in which not only disclosed her
personal injury lawsuit before the Bankruptcy Court, she even denied in her
deposition by her State Court Lawyer ever filing bankruptcy.  The Court
found her conduct as <u>Abuse of Process</u> and <u>estopped</u> her from proceeding in
State Court.

<u>Case at Hand</u>

(1) Debtors assets were disclosed in another bankruptcy in 2004 Chapter 13
and2005 Chapter 7 filed by related parties in Joseph, et al v
Wasserman, et al 2004-18239 and believed was closed because the
lawsuit was about <u>community-property</u> alleging <u>defraud-titles</u>, etc..,
under state law, properly disposed of in which debtors believe could not
be reported as asset because of the asset was disclosed by another
bankruptcy court in this District which indicated by the Trustee here-in
can never be re-opened.

(2) And because of the <u>dirty-hands doctrine</u> the Trustee/Court cannot
enrich a <u>Non-creditor</u>, or pending matter concerning <u>State Property
Rights, unsettled titles, un-represented debtor</u>, <u>and unsettled
community property of Inheritors.</u> Ibid RS 46:153.4 - Louisiana Laws -
Louisiana State Legislature

## (4) IV

**ALSO, BANKRUPTCY CASES THAT EXISTED WHEN THE ASSET WAS CLAIMED IN THAT MATTER WAS COMPLETED AND CLOSED AND ANOTHER BANKRUPTCY MATTER WAS CREATED BY OTHER INDIVIDUALS FAR AFTER CAN NOT CLAIM THE ASSET FROM PREVIOUS BANKRUPTCY UNTIL THE PREVIOUS PARTIES REOPEN THEIR BANKRUPTCY and Debtors cannot <u>liquidate</u> someone else's Property in Bankruptcy Matters:  <u>Pearlman v Reliance Ins. Co.,</u>**

**<u>371 U.S. 132, 135-36 (1962), RS 46:153.4 - Louisiana Laws - Louisiana State Legislature.</u>**

## (4) VI

### UNDER 187. LIMITATIONS UPON THE EXERCISE
### OF BANKRUPTCY JURISDICTION:
### NONE-CORE CLAIMS;

<u>section 157(b)(2)(B) of title 28, United States Code</u> 🔲, **shall not be subject to the mandatory abstention provisions of section 1334(c)(2);**

**Debtors believes the issues involving Joseph, et al v Wasserman, et al as Described here-in precludes this Court along with Trustee having Jurisdiction unless all parties consent under this section and would be violation of <u>Separation of Powers</u>.  This lawsuit is only associated because of Debtor/s filing of Bankruptcies in 2004, 2005, and 2013.  But the issues as stated here-in can only be disposed of by Competent Court which is being handled in another Court.**

The Trustee through her attorney of record and Eddie Jordan has been since 2018 has been wrangling with complainant in moving forward in State Court about moving forward in establishing "True Ownership" of Real Estate Property and Immovable Property under Louisiana Civil Code 3571 for property in dispute at 2216 Glasgow Drive, Harvey La., 70056 (26 unit Apartment Complex), Single Family Residence at 1637 Jean Lafitte Blvd, Lafitte, La., 70067, and 52 foot mobile restaurant which was introduced in complainants Petition for Writ of Sequestration along with bi-furcated motion filed but not served because of the lower court interference with due process and the appellate court failure to entertain the appeal.  See Appendix D exhibits presented to trustee and the Courts.

Trustee was/is definitely in control as to why the debtors are before the bankruptcy court facing losing their right to continue fighting for their ownership rights without interference using tactics such as in this matter as stipulating that complainants not reporting this matter in state court to bankruptcy court, in which the trustee knew from our discussions and emails about complainants, Mitchells bankruptcies in 2004, Chapter 13, and 2005 Chapter 7 which either was inadvertently closed or properly closed by those Courts because those Competent Courts dismissed because the state case was non-core and was not in their jurisdiction.  The bankruptcy judge here-in handle a matter in Sims v. Sunnyside Land, LLC , IN RE SAMUEL C. LEBLANC, JR.,, Debtor # CASE NO: 20-11412 CHAPTER 11, Section (A): a matter consolidated by business partners whom were allow to proceed with their state matter (core) (complainants state issues inapposite) by this very judge. [complainant under precaution] using this case if their state court issues or core, and if so the judge state here-in violated the Equal Protection Clause under the 14 Amendment of complainants and allow the complainants to proceed with their state matters in an open and ongoing state matter.

In fact in Joseph, et al vs Wasserman et al decided by this court in August of 2012 affirmed the District Court dismissal for statue of limitations under RICO and submitted the state matters back.  See; below:

Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173 (2012)
Aug. 27, 2012 · United States Court of Appeals for the Fifth Circuit · No. 12-30206
487 F. App'x 173
Nathaniel JOSEPH; Kecia Joseph; Lucinda Mitchell, Plaintiffs-Appellantsv.BACH & WASSERMAN, L.L.C.; Gerald Wasserman, Defendants-Appellees
Summary Calendar.
United States Court of Appeals, Fifth Circuit.
*174John-Michael Lawrence, John-Michael Lawrence, L.L.C., New Orleans, LA, for Plaintiff-Appellant.
Beverly Aloisio Delaune, Deutsch, Kerri-gan & Stiles, L.L.P., New Orleans, LA, for Defendant-Appellee.
Before BENAVIDES, ELROD, and HAYNES, Circuit Judges: Appendix D herein {same properties} alleged therein also by same complainants herein with representation ( whom opt-out of state court matter).

Trustee affording a non-debtor whom still is alleged as wrong doer to complainants a relief by the bankruptcy court is in violation of laws forbidding this type of conduct under dirty- hands , Louisiana Civil Code 2298 Enrichment Without Cause and trustee further violated the 14th amend -ment due process, having a Jury do decide the issues in State Court {under precautionary matters the worth of the estate is contrary to the Expert Economic Report presented by compl -ainants herein and the state matter. Robert Harvey investigated this matter in 2004 and drafted the initial suit and complainants thereafter followed suit. See: Appendix D below.

## Bankruptcy Case Background:

### (A)

In 2004 (the issue at hand) Joseph, et vs. Gerald Wasseman, et al was filed in Civil District Court case number 18239. [For the litigation history See: Joseph et, al., v. Wasserman, el V, 334 So.3d 413 (La.Ct.App 4th cir.2021).] Frank Mitchell, Lucinda Mitchell, and Mitchell's Fruit Stand, LLC thru attorney/s filed bankruptcy because of the acts of Gerald Wasserman and others that are not creditors, and disclosed the lawsuit along with the business property a 52 foot mobile restaurant(assets) in their schedules. (According to David Messina attorney for trustee those bankruptcies were disposed of and could never be reopened).

### (B)

In 2010 while debtor's herein (sought attorney John Michael Lawrence) while awaiting state court judge to sign their appeal. Mr. Lawrence filed R.I.C.O., actions along with state claims indicating the acts of defendant, Gerald Wasserman and Law Firm for acts committed against properties, 1637 Jean Lafitte, 2216 Glasgow Drive, 26 unit apartment complex, and 52 foot mobile trailer owned by all debtors, and (inheritors by law).
The federal District judge granted defendant, Gerald Wasserman Motion For Dismissal for statute of limitations which was affirmed in
Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173 (2012) sending the debtors state claims back to be decided in State Court. [Counsel Edward Shorty has not spoken to debtor, Joseph since 2013 nor appeared in any Court matters concerning debtors, Joseph and Esteen]

©

In 2013, Mrs. Kecia Esteen Stewart while living with her present husband,
(living apart from debtor Joseph) sought counsel to keep American Thrift
from garnishing her wages in which Joseph joined to protect his disability.
Attorney Edwin Shorty filed for Bankruptcy protection under Chapter 7.
Debtors proceeded without inscribing the asset herein in the ongoing
bankruptcy. In 2013 debtor Esteen filed for divorce in State Court
in which debtor, Joseph opposed the matter because there was
property both debtors were litigating against Gerald Wasserman, et al.,
but alleged that debtor has been committing adultery since early 2010
until when she filed divorce in 2013. The judgment of adultery was granted
in favor of debtor, Joseph. (Attorney, Edwin Shorty refer the divorce
attorneys to Esteen).

### (D)

In 2015 all debtors herein (pro-se), after seeking valuable information
from non-profit committee, filed a Writ of Mandus after other failures
trying to get the State Court Judge to sign the debtors appeal order of
2006. The defendant, Gerald Wasserman opposed the motion indicating
the matter in Joseph, et al vs Wasserman, et al case number 2004-18239
is abandon and should not be allowed to litigate. The new Judge agreed
with counsel for Wasserman and dismissed the case under La.C.C.P.
article 561 the Appeals Court unanimously disagreed with Wasserman
attorneys in Joseph, et vs Wasserman, et al., (I) 194 So.3rd 720 decided
May, 04 2016.

Immediately after the appeal order was signed, the debtors in pro-se submitted part-two the defendant, Gerald Wasserman motion to dismiss for Vagueness which the former state court judge granted. In December of 2016 seven motions from the decision in (I) Joseph vs Wasserman, supra., the 4th Cir. Ct. of Appeal in Louisiana reversed the Judgment in Joseph, et al vs Wasseman, et al., (II), 206 So.3d 970 decided 12/07/2016, in reasons for holding Wasserman and law firm responsible, the Court stated at pg 970 in part:

> Being aggrieved by Mr. Wasserman's actions, petitioners requested documentation for all of the transactions that had taken place concerning their property. The petition detailed the actions which petitioners claim wrongly denied them either their property or the proceeds from the sale of their property. They attached all of the documentation prepared by Mr. Wasserman or members of his law firm in support of the allegations contained in the petition.

The Court stated again at page 971:

On January 7, 2005, Lucinda Mitchell, Frank Mitchell, and Mitchell Fruit Stand, Inc., filed a Petition of Intervention, adopting all of the allegations made by the Josephs in the original petition. They further alleged that they were parties to the loan deal with Mr. Wasserman, and that Mr. Wasserman committed acts of fraud by demanding they enter into the loan agreements with Nathaniel and Kecia Joseph, and threatening that he would not help the Josephs retain their property. Additionally, intervenors alleged that Mr. Wasserman engaged in misrepresentations, fraudulent transactions, overcharges, intentional conversion of intervenors' funds, acts of collusion with third parties to deprive intervenors of their property, and manipulation of financial documents, specifically HUD statements, to reflect that intervenors had received monies they did not receive.

**And the Court further stated at page 972:**

**An Act of Pledge and Security Agreement that was attached to the Petition of Intervention indicates that Mitchell Fruit Stand, Inc., was pledged to Mr. Wasserman as collateral for payment of the lease of the property in Lafitte. Lucinda Mitchell signed the pledge as president of Mitchell Fruit Stand, Inc. Copies of additional pledges of property, acts of sale, and assumption of mortgages were attached to the Petition of Intervention, all of which were prepared by Mr. Wasserman or members of his law firm.**

**Also the Court states at page 972:**

**On February 16, 2005, the Josephs filed a First Amended or Supplemental Complaint (petition), adding an additional defendant. They also alleged further acts of fraud and deception by Mr. Wasserman involving the property in Lafitte and the Glasgow property. Attached to the petition were numerous documents, including assignments of deposit accounts, promissory notes, acts of mortgage and notes, credit sales and assumption of mortgage, all prepared by Mr. Wasserman or a member of his law firm.**

The additional named defendant was dismissed from the suit on an exception of no cause and/or no right of action. He is not a party to this appeal

**The Court acknowledge the Joseph's sought counsel and stated at page 973:**

**Following the hearing, the Josephs hired an attorney to assist them in this matter. On July 5, 2005, the attorney filed a motion to withdraw from the case that indicates he met with the Josephs on July 3 and 4, but that the parties could not agree on how to proceed.**

The motion states that the amendment was due on July 5, 2005. However, we note that the judgment was not signed until June 28, thereby making the amendment due on July 13, 2005.

**The Court continued to address certain actions in Joseph,et al**

**vs. Wasserman, et al., (II) by stating at page 973:**

**14.**

**On August 19, 2005, the Josephs and Mitchells filed a motion to file a second amended complaint. Hurricane Katrina struck the New Orleans area on August 29, 2005. On November 4, 2005, Mr. Wasserman filed a motion to dismiss based on plaintiffs' failure to amend timely. An order was signed February 3, 2006, setting a hearing for April 21, 2006. The order attached to the Josephs' and Mitchells' motion to file a second amended complaint was not signed until February 8, 2006, setting the hearing for April 21, 2006, also.**

**On May 5, 2006, the trial court signed a judgment denying plaintiffs' motion to file a second amended petition, granting Mr. Wasserman's motion to dismiss, and dismissing all claims filed against Mr. Wasserman by all parties.**

Plaintiffs' timely appealed that judgment, but for unknown reasons, the motion for appeal was not signed. In March 2007, petitioners resubmitted the motion for appeal. The new judge for that section determined *sua sponte* that the appeal was abandoned. This Court vacated that judgment in *Joseph v. Wasserman*, 15–1193 (La.App. 4 Cir. 5/4/16), 194 So.3d 720 ), and remanded for further proceedings.

Plaintiffs appeal the dismissal of their lawsuit based on their failure to adhere to an order of the trial court to amend their petition within fifteen days of the court's order. However, as we find the trial court erred in its initial interlocutory judgment maintaining Mr. Wasserman's exception of vagueness, we will address the correctness of that ruling.

**The Court further Discussion at pg 974 stated:**

**We find the facts of this case easily distinguishable. Here, the *pro se* plaintiffs alleged, with some detail and particularity, that Mr. Wasserman had wrongfully acquired most, if not all, of their property, and instead of helping them recover from their financial difficulties, had created new debts which plaintiffs could not possibly repay. Plaintiffs alleged that they had to make additional loans to pay debts to Mr. Wasserman to prevent losing their home, rental property and livelihood (the food trailers). Further, they alleged that despite documents indicating that plaintiffs were due monies from some of the sales and leases, they had in fact received nothing.**

**Here, the plaintiffs attached all of the documents which they were able to garner from Mr. Wasserman, all detailing the various business transactions which transpired between the parties and third parties. Every document was prepared by Mr. Wasserman or his law firm.**

As we are reversing based on the Exception of Vagueness, we do not reach the merits of the Motion to Dismiss. We note, however, as detailed in the chronology of events, the plaintiffs had in fact filed a motion to file a second amended petition on June 16, 2005, the day before the hearing at which the trial court granted the exceptions and ordered plaintiffs to file a second amended petition.

### REVERSED.

**After the case was again fluid by the Court decision the Defendant, Gerald Wasserman through attorney Beverly Delaune Motions before a temporary Judge, Zeno to dismiss debtors as plaintiffs and replace them with Trustee in the present bankruptcy for failure to report the lawsuit as asset.**

**The debtors was stayed and the trustee file Intervening Motions.**

**The debtors herein filed for appeal. In 01/08/2018 that Court refused juris-diction in Joseph, et., al (III), 237 So.3d 14, 17 stated:**

The form attached to the May 2017 Judgment read as follow:

**PLEASE TAKE NOTICE THAT** this Court has rendered the attached Judgment, staying claims asserted against Gerald Wasserman by Nathaniel Joseph and Kecia Esteen (formerly, Kecia Joseph), due to their filing of a bankruptcy proceeding in the U.S. Bankruptcy Court, for the Eastern District of Louisiana, in the matter entitled: *In Re: Kecia Esteen and Nathaniel Joseph* , Case No. 13–12107. The Court ruled that the cause of action asserted by Nathaniel Joseph and Kecia Joseph, Debtors in said bankruptcy proceeding, was property of the bankruptcy estate, and therefore those Debtors have no right to pursue a claim against Mr. Wasserman.

The Court gave the Trustee of the Estate until July 10, 2017, to determine whether she wishes to pursue the claim pending before this Court. In the event the Trustee takes no action, Nathaniel Joseph and Kecia Esteen will have until August 9, 2017, to petition the Court for leave to pursue the case.

The trial court apparently crafted the conditional judgment it issued (the May 2017 Judgment) based on a federal bankruptcy decision, *Gillain v. A–C Product Liability Trust* , 2015 WL 5818432, at \*7 (E.D. Pa. Oct. 5, 2015) (*unpub.* ), which the Josephs cited in their opposition. At the hearing, the trial court explained to the Josephs, who appeared *pro se* , why their reliance on the *Gillain* case was misplaced.

**In their opening discussion the appeal court stated:**

**"The foundation of an appeal is subject matter jurisdiction."** ***Wells One Invs., LLC v. City of New Orleans*** **, 17–0415, 17-0416, p. 3 (La. App. 4 Cir. 11/2/17), 231 So.3d 54, 56, 2017 WL 4988660, \*2. Before reaching the merits of any appeal, an appellate court has an independent duty to determine, even if the parties do not raise the issue, whether subject matter jurisdiction exists.** ***See Moulton v. Stewart Enters., Inc.*** **, 17–0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citing** ***Moon v. City of New Orleans*** **, 15–1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ).**

**The threshold question that must be answered before reaching the merits of an appeal is whether the ruling from which a party seeks review is an appealable judgment. "A party may appeal (1) from a final judgment in actions in which appeals are given by law; (2) an interlocutory judgment only when expressly provided by law; and (3) from a judgment reformed in accordance with an additur or remittitur." Frank Maraist, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 14:3 (2d ed. 2017) (citing La. C.C.P. art. 2083 ) ("***Maraist*** "). A judgment that determines the merits in whole, or in part, is a final, or partial final, judgment; whereas, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. "[A]ll judgments other than final judgments and partial final judgments are interlocutory."** ***Maraist*** **, *supra.***

Summarizing the current scope of appealable judgments, La. C.C.P. art. 2083 provides as follows:

A.  A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

C. An interlocutory judgment is appealable only when expressly provided by law.

**Further stating at pg 18:**

**Although Louisiana courts require no particular form for a valid final judgment, they require that it be "precise, definite and certain." 1960 Revision Comment (a) to La. C.C.P. 1918. Indeed, this Court has noted that " '[a] valid judgment must be precise, definite and certain' " and that " '[t]he quality of definiteness is essential to a proper judgment." *Board of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910 (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477, pp. 12-13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915–16 ) (citations omitted). Generally, "a conditional judgment, order, or decree, the finality of which depends on certain contingencies which may or may not occur, is not final for the purpose of appeal." 44 C.J.S. *Appeal and Error* § 144.**

**Recognizing the principle that a conditional judgment is generally not a final judgment for purposes of appeal and summarizing the jurisprudence supporting this principle, the court in *Barfield v. Tammany Holding Co.*, 16-1420, pp. 2-3 (La. App. 1 Cir. 6/2/17), 2017 WL 2399020, *1 (*unpub.* ), noted:**

**A judgment that is contingent on the occurrence of a future event is indeterminate and not a valid, final, appealable judgment. *Drury v. Drury*, 01-0877 (La. App. 1 Cir. 8/21/02), 835 So.2d 533, 538 ; *Sibley v. Sibley*, 14-0045 (La. App. 1 Cir. 9/19/14), 2014 WL 4667577 *1 (unpublished) (finding the phrase "in the event" in the language of a judgment was not precise, definite, nor certain); *State v. Fumar*, 05-2459 (La. App. 1 Cir. 11/3/06),**

2006 WL 3108327 (unpublished) (finding a judgment ordering a father to pay child support effective "at the time the [mother] moves out of home owned by [father]" was not a valid, final judgment because it was based on a contingency).

Further stated at pg 19;

Further, a judgment that grants an exception of no cause of action and allows a period of time for amendment of the petition is not an appealable judgment, because it is not a final judgment nor an interlocutory judgment expressly appealable by law. LSA–C.C.P. art. 2083. *See Schroeder v. Bd. of Supervisors of LSU* , 540 So.2d 380, 382 (La. App. 1 Cir. 1989) ; *also see B.G. Mart, Inc. v. Jacobsen Specialty Svces., Inc.* , 16-675 (La. App. 5 Cir. 2/8/17), 213 So.3d 1238, and *Hughes v. Energy & Marine Underwriters, Inc.* , 07-490 (La. App. 5 Cir. 3/11/08), 978 So.2d 566, 567–68, *writ denied* , 08-0957 (La. 8/29/08), 989 So.2d 100.

*Id.* ; *see also Keller v. Aymond* , 97–2203, (La. 11/19/97), 702 So.2d 1387 (dismissing a direct appeal of a judgment holding a statute "conditionally" unconstitutional); *Falgoust v. Luck* , 477 So.2d 822, 823 (La. App. 5th Cir. 1985) (observing that "[t]he conditional judgment in the case before us, [which ordered the plaintiff to submit to a physical examination under the penalty of dismissal] without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment")

Applying this principle, we find that we lack appellate jurisdiction. The May 2017 Judgment, albeit labeled a "Final Judgment," is not final for purposes of appeal; the May 2017 judgment states as follows:

The label placed on a judgment is not dispositive of this court's appellate jurisdiction. *See LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc.* , 03–1283, 03-1284, p. 5 (La. App. 4 Cir. 3/3/04), 869 So.2d 304, 307 (holding that "[t]his Court is not bound by the trial judge's certification of the partial adjudication as final for the purpose of an immediate appeal; we determine finality *de novo* "); *see also Pellerin v. Pellerin* , 01-1877, p. 6 (La. App. 4 Cir. 10/23/02), 832 So.2d 988, 991 (noting that "it is the substance rather than the caption of a pleading that determines its effect" and citing *Brown v. Harrel* , 98-2931, p. 4 (La. App. 4 Cir. 8/23/00), 774 So.2d 225,

*Pg19*

**228**

The Court further addressed the lower Court order of May, 2017 as follows:

IT IS ORDERED, ADJUDGED AND DECREED that Gerald D.
Wasserman's Exception of No Right of Action be granted;
and, ACCORDINGLY , the claims of Nathaniel Joseph and Kecia Joseph
against Gerald D. Wasserman be STAYED ;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a decision
on Gerald D. Wasserman's Motion for Partial Summary Judgment be
deferred as moot;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk
of this Court send a Notice in the form attached hereto to the Clerk of Court
of the U.S. Bankruptcy Court for the Eastern District of Louisiana.

In using the case of *Falgoust v. Luck* , 477 So.2d 822, 823 (La. App. 5th Cir. 1985)
(observing that "[t]he conditional judgment in the case before us,  (observing that "[t]he
conditional judgment in the case before us, [which ordered the plaintiff to submit to a
physical examination under the penalty of dismissal] without a subsequent judgment
setting out final dismissal, does not fit the criteria for an appealable judgment") as
guideline.  At Pg19

The appellate Court identified the Falgout, supra case with the debtors, and
 defendant appeal before their Court by stating:

Applying this principle, we find that we lack appellate jurisdiction. The May
2017 Judgment, albeit labeled a "Final Judgment," is not final for purposes of
appeal; the May 2017 judgment states as follows:
The label placed on a judgment is not dispositive of this court's appellate
jurisdiction. *See LHO New Orleans LM, L.P. v. MHI Leasco New Orleans,
Inc.* , 03–1283, 03-1284, p. 5 (La. App. 4 Cir. 3/3/04), 869 So.2d 304,
307 (holding that "[t]his Court is not bound by the trial judge's certification of
the partial adjudication as final for the purpose of an immediate appeal; we
determine finality *de novo* "); *see also Pellerin v. Pellerin* , 01-1877, p. 6 (La.
App. 4 Cir. 10/23/02), 832 So.2d 988, 991 (noting that "it is the substance
rather than the caption of a pleading that determines its effect" and
citing *Brown v. Harrel* , 98-2931, p. 4 (La. App. 4 Cir. 8/23/00), 774 So.2d 225,
228 ).
*Pg20*

IT IS ORDERED, ADJUDGED AND DECREED that Gerald D.
Wasserman's Exception of No Right of Action be granted;
and, ACCORDINGLY , the claims of Nathaniel Joseph and Kecia Joseph
against Gerald D. Wasserman be STAYED ;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a decision
on Gerald D. Wasserman's Motion for Partial Summary <u>Judgment be
deferred as moot;</u>

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk
of this Court send a Notice in the form attached hereto to the Clerk of Court
of the U.S. Bankruptcy Court for the Eastern District of Louisiana.
The May 2017 Judgment is analogous to the judgment in the *Falgoust* case;
the typewritten-part of the judgment in the *Falgoust* case read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's cause of
action against David J. Luck, John Luck and Royal Indemnity Company is
hereby dismissed with prejudice due to the plaintiff's failure to fully submit to
a physical examination on October 12, 1984 ["the Date"].
<u>477 So.2d at 823.</u> Immediately after the Date on the typewritten judgment was
the following handwritten statement: "if the plaintiff does not submit to a
physical within 60 days from release of hospital." *Id.* Classifying the judgment
as conditional, interlocutory, and non-appealable, the court
in *Falgoust* reasoned as follows:
The conditional judgment in the case before us, without a subsequent
judgment setting out final dismissal, does not fit the criteria for an <u>appealable
judgment</u>
.... This is not a judgment of dismissal but only presents the possibility of
dismissal conditioned on future non-compliance. The judgment herein is
analogous to a judgment maintaining an exception and ordering the plaintiff
to amend within a certain time on pain of dismissal. *Spencer v. Burglass* , <u>288
So.2d 68</u> (La. App. 4th Cir. 1974) ; *Taylor v. Consol. Rail Corp.* , <u>391 So.2d
1351</u> (La. App. 4th Cir. 1980) ; *Coulon v. Gaylord Broadcasting* , <u>408 So.2d
16</u> (La. App. 4th Cir. 1981). In the above cases, the appeals were dismissed for
lack of a final judgment or interlocutory judgment which may cause
irreparable harm. The judgment before us neither disposes of the merits nor
causes irreparable harm and, as in the cited cases, is no more than a
preliminary order.

*Pg21*

477 So.2d at 823–24. Likewise, the May 2017 Judgment is conditional, interlocutory, and non-appealable.

Although Mr. Wasserman supplemented the record on appeal with a copy of the Trustee's intervention that has been filed in the trial court, the Trustee's intervention does not change the conditional nature of the trial court's ruling on the exception of no right of action. *See* 44 C.J.S. *Appeal and Error* § 144 (noting that "the happening of the event does not operate to render the order final"). Until the trial court unconditionally dismisses the Josephs' claims against Mr. Wasserman, there is no final judgment. Thus, we lack appellate jurisdiction.

In their Closing Decision the Court stated:

### Converting appeal to an application for supervisory writ

When, as here, a non-appealable judgment is appealed, this court has the discretion to convert the appeal to an application for supervisory writ and to rule on the merits of the writ. *Stelluto v. Stelluto* , 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. When confronted with an appeal of a non-appealable judgment, this Court has exercised its discretion to convert the appeal to a writ only when the following two conditions are met:

(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal.

(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Mandina, Inc. v. O'Brien* , 13-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 103–04. Although the first condition is met here, the second condition is not.

The Josephs filed their notice of appeal within the thirty-day period for filing a writ. The trial court signed the judgment on May 3, 2017; and the Josephs filed a notice of appeal on May 30, 2017.

*Pg22*

Neither fundamental fairness nor judicial efficiency would be served by converting the appeal to an application for supervisory writ. An immediate decision will not terminate the litigation. Moreover, the procedural posture of this case has changed since the judgment was rendered—the Trustee has intervened.

As a general rule, appellate courts decline to exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *See Cardon v. Chalmette Christian Acad.*, 06-0489 (La. 4/24/06), 926 So.2d 530 (observing that "[w]here there is an adequate remedy by appeal, there normally is no need for the courts to exercise supervisory jurisdiction" and citing *Douglass v. Alton Ochsner Med. Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953 ); *see also Urquhart v. Spencer*, 15–1354, 15-1355, p. 4 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1078 (citing *Douglass, supra*, and *Kimsey v. Nat'l Auto. Ins. Co.*, 13-856, p. 8 (La. App. 3 Cir. 2/12/14), 153 So.3d 1035, 1040, and noting that "an adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review"). Such is the case here. An adequate remedy by appeal will exist upon the entry of an unconditional judgment.

Given the conditional nature of the May 2017 Judgment, the change in the procedural posture of this case, and the existence of an adequate remedy on appeal, we decline to exercise our discretion to convert the Josephs' appeal to a writ.

### Answer to the appeal

Mr. Wasserman filed an answer to the Josephs' appeal seeking affirmative relief. The answer, however, is based on the same conditional, interlocutory, non-appealable May 2017 Judgment. Thus, we lack jurisdiction over Mr. Wasserman's answer to the appeal. *See Nicaud v. Nicaud*, 16-1531, p. 3 (La. App. 1 Cir. 9/15/17), 227 So.3d 329, 330

(reasoning that "[b]ecause the answer to the appeal is based on the same interlocutory non-appealable ruling of the trial court, we lack jurisdiction over said answer" and dismissing appellee's

answer to appeal).

Moreover, Mr. Wasserman filed his answer to the appeal on July 27, 2017, well beyond the thirty-day period for filing an application for supervisory writ from the judgment, which was rendered on May 3, 2017. Under these circumstances, we decline to exercise our discretion to convert his answer to a writ. *See Sellers v. El Paso Indus. Energy, L.P.* , 08-403, p. 17 (La. App. 5 Cir. 2/10/09), 8 So.3d 723, 732. Accordingly, we dismiss Mr. Wasserman's answer to the appeal.

## DECREE

For the foregoing reasons, the appeal and the answer to the appeal are dismissed; and this matter is remanded for further proceedings.

APPEAL AND ANSWER TO APPEAL DISMISSED; AND REMANDED


[*The Intervening Trustee, Barbara Fulton was not present*]


The other two appeals was dismissed for two different reasons, and allowed the controlling appeal decided 12/07/2016, in Joseph,et al vs Wasserman et ai, (II) remain.


In 20018 after Eddie Jordan and Morris Reed (present attorneys) enrolled as counsel of record for debtors herein.  Mr, Joseph, debtor discussed with attorney Eddie Jordan about concerning his personal assessment concerning the case.

*Pg24*

Mr. Joseph informed counsel the "late Judge Thomas Early
through the early years taught debtor how to use books on damages. Counsel
informed debtor that would be hearsay and inadmissible because of debtor
place in the case. [the matters of Joseph, et al vs Wasserman ,et al, (I,II were
before a Competent State Court]

Debtor, Joseph immediately located the Forensic Economics Expert out of
Chicago, followed their instructions and afterwards received two reports
In October, 2018. [* which is already before the Bankruptcy Court as
Exhibits and was addressed by Defendant, Wasserman counsel of record
before this Court*]

This matter by Trustee through attorney David Messina, Motion under
Federal Rules of Bankruptcy Procedure under 9019 was bought to this
Court without removal and was not consented to by all parties for
removal. Debtors, Joseph, Esteen, the Mitchells along with the inheritors
under state law filed several objections.

One of the Exparte Motions filed by debtors and Inheritors under law is
to Consolidate the debtors, Mitchells bankruptcies Chapter 13, and
Chapter 7 filed in 2004 which was closed while asset/ Joseph,et al vs
Wasserman, supra., was pending awaiting signature from the lower court

*Pg25*

["which signature was mandated over Gerald Wasserman actions through counsel by the Court of Appeals in Joseph, et al vs Wasserman, (I) supra, cited herein"] making the matter fluid again in 2016] [coincidentally the trustee closed this matter in early 2016, while Joseph (I) decision was awaiting and during the appeal in Joseph, supra, (II) counsel for Wasserman informed the 4th Circuit Court of Appeal of this Bankruptcy.

The Court said that moved was improper and summarily dismissed with cautioning Wasserman attorney.][debtors, Joseph and Esteen were divorced over 3 years, and debtor, Joseph had no knowledge whether or not the bankruptcy court continued the bankruptcy and never was served by Esteen, or attorney of record nor defendant counsel until April of 2017]

During the April, 2017 hearing Edwin Shorty fail to inform debtor, Joseph even after being questioned by debtor, Joseph of the events of this Court interfering with the rights of debtor, Joseph to get new counsel and amend any schedules of this bankruptcy.

Neither did trustee informed debtor of the events taken place regarding the present bankruptcy and debtor, Joseph un-able afford  counsel mainly because of movant causing debtors destitution and  the <u>continual-underhand</u> actions by the defendant, Wasserman causing the Trustee over debtors objections. To Compromise debtors bankruptcy.

[as noted in cases Joseph, I-V, supra's and Trustee, debtor, Joseph through every hearing involving these matters was in-prose for one reason or another]

*Pg26*

On December, 7th, 2022after two delays, this Court granted defendants wish of obtaining a judgment pertaining to Compromising debtors bankruptcy estate even-though was/is alive in another State Court matter, and is undecided in reference to ownership of properties 2216 Glasgow Drive 26 unit apartment Complex in Harvey, La., 70056, 1637 Jean Lafitte Blvd, Lafitte, La.70067, Mitchell's Fruit Stand 52 foot mobile Restaurant located in New Orleans, La., lawful property of debtors and lawful inheritors herein.

**Debtors/inheritors herein have received written judgement**

and only with abundance of caution is Moving for Rehearing under establish Law under title 28 section 187, et seq, Separation of Powers between the State and Federal Courts and/or case laws cited in the introduction herein ["Without Judgment"]

Nathaniel Joseph, Jr
311 Portsmouth Drive
Slidell, La., 70460
(985) 768-9049
(504)396-0690
thereshopellc@yahoo.com

Kecia Esteen
311 Portsmouth Drive
Slidell, La., 70460
(504) 975-0498
kecia72@yahoo.com

*Pg27*

(court appointed)                          (court appointed)

*Frank Mitchell Sr.*                        *Lucinda Mitchell*
**Frank Mitchell, Sr.,**                    **Lucinda Mitchell**

**311 Portsmouth Drive**                    **311 Portsmouth Drive**

**Slidell La., 70460**                      **Slidell La., 70460**

**(985) 774-7828**                          **(504) 784-0840**

elephan999@outlook.com

*Nathaniel Joseph III*                      *Nicholas Joseph*
**Nathaniel Joseph, III**                   **NICHOLAS JOSEPH**
(court appointed)                           **Nicholas Joseph**
                                            (court appointed)

*Nathan Joseph*                             (court appointed)
**Nathan Joseph**                           **MITCHELL'S FRUIT STAND, LLC thru curator**
(court appointed)

## INHERITORS

DEBTORS AND INHERITORS WITH DUE DILIGENCE AND
RESEARCH SUBMITS THE ABOVE INFORMATION "UNDER
THE PENALTY OF PERJURY" AND TO THEIR BEST OF ABILITY
UNDER THE LAW:

**\*Pg28\***